**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CRIMINAL NO. W-17-CR-286-ADA |
| | § | |
| **CHARLES JORDAN** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The Defendant was convicted of three Counts: Count I: Conspiracy to Commit Identity Theft, in violation of 18 U.S.C. § 1028(a)(7); Count II: False Personation of an Employee of The United States, in violation of 18 U.S.C. § 912; and Count III: Access Device Fraud, in violation of 18 U.S.C. § 1092(a)(2). The Defendant was sentenced to 50 months imprisonment on each count running concurrently, followed by 3 years of supervised release. The Defendant was released to supervision on June 14, 2021. On March 22, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated

the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

>   **Violation No. 1:**  The defendant violated his special condition, in that on or about February 13, 2024, he failed to submit to substance abuse testing as required.
>
>   **Violation No. 2:** The defendant violated a special condition, in that, on or about November 1, 2023, he failed to participate in a mental health treatment program as required.
>
>   **Violation No. 3:** The defendant violated his mandatory condition number 1, in that, on or about March 10, 2024, he threatened to commit an offense involving violence with intent to place a member of his family or household in fear of imminent serious bodily injury in violation of Texas Penal Code 22.07, a misdemeanor.
>
>   **Violation No. 4:** The defendant violated his mandatory condition number 1, in that, on or about July 30, 2023, he unlawfully appropriated property with the intent to deprive the owner of said property without the owner's effective consent.
>
>   **Violation No. 5:**  The defendant violated standard condition number 9, in that, on or about July 30, 2023, he failed to notify the probation officer of law enforcement contact.

At the hearing, Defendant pleaded TRUE as to violation numbers 1, 2, 4, and 5. The Government withdrew Violation No. 3. The Government then presented evidence that would support a finding of TRUE, by a preponderance of the evidence, as to the violations.

## II.  FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release not be revoked, and Defendant be continued on supervised release.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of April, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE