**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. W-17-CR-286-ADA** |
| | § | |
| **CHARLES JORDAN** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

The defendant was convicted of Conspiracy to Commit Identity Theft in violation of Title 18 U.S.C. § 1028(a)(7); False Personation of an Employee of the United States in violation of Title 18 U.S.C. § 912; and Access Device Fraud in violation of Title 18 U.S.C. § 1092(a)(2). The Court sentenced the defendant to fifty (50) months on each count (to run concurrently), followed by three years of supervised release on each count (to run concurrently); $300.00 special assessment; and $70,717.89 restitution. On April 29, 2024, the United States Probation Office

filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging

the defendant violated the terms of his release and seeking a show-cause hearing as to why the

defendant's supervised release should not be revoked. The petition alleges the defendant violated

the terms of his release in the following instances:

**Violation Number 1:** The defendant violated his mandatory condition number 1, in that on or about April 23, 2024, he intentionally communicated and/or went near the residence of a protected individual or a member of the family or household, after being previously served a temporary ex parte order, in violation of T.P.C. § 25.07(g), a misdemeanor.

**Violation Number 2:** The defendant violated his standard condition number 13, in that on or about April 23, 2024, he failed to follow the instructions of the probation officer.

## II.  <u>FINDINGS OF THE COURT</u>

At the hearing, the defendant then pleaded true to the violations. The government

presented evidence that would support a finding of true, by a preponderance of the evidence, as

to the violation.

1.      The defendant violated the conditions of his supervision as alleged in the petition.

2.      The defendant was competent to make the decision to enter a plea to the allegations.

3.      The defendant had both a factual and rational understanding of the proceedings against

him.

4.      The defendant did not suffer from any physical or mental impairment that would affect

his ability to fully understand the charges against him or the consequences of his plea.

5.      The defendant has not had any injury that would affect his judgment in entering a plea or

that would affect his understanding of the basis, consequences, or effect of his plea.

6.      The defendant was sane and mentally competent to stand trial for these proceedings.

7.    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.    The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.    The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10.    The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11.    The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12.    The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  <u>RECOMMENDATION</u>

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that in lieu of incarceration, he spend six months in a halfway house, subject to availability. During that six months, the Defendant is to have no contact with Desiree King or her family. There should be no term of supervised release to follow. The defendant should undergo a mental health evaluation and he should comply with whatever treatment and medication is recommended.

### IV.  <u>WARNINGS</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of July 2024.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE